1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   KEITH HARRIS AND YOKO BILLUPS  )    Civil No. 15cv1686 JAH  (JLB)
     (DECEASED),                    )
11                                  )    **ORDER *SUA SPONTE***
                        Petitioners, )   **DISMISSING PETITION;**
12                                  )    **DENYING PLAINTIFF'S MOTION**
     v.                             )    **TO PROCEED *IN FORMA***
13                                  )    ***PAUPERIS* AND MOTION FOR**
                                    )    **APPOINTMENT OF COUNSEL AS**
14   SHARP HEALTHCARE, et. al.,     )    **MOOT**
                                    )
15                       Respondents. )
                                    )
16   ──────────────────────────────

17        On July 30, 2015, Petitioner Harris, proceeding *pro se*[1], filed the instant petition

18   along with a request to proceed *in forma pauperis* and a motion for appointment of counsel.

19   All parties instituting any civil action, suit or proceeding in a district court of the United

20   States, except an application for writ of habeas corpus, must pay a filing fee.  See 28

21   U.S.C. § 1914(a).   A court may authorize the commencement of a suit without

22   prepayment of fees if the petitioner submits an affidavit, including a statement of all his

23   or her assets, showing that he or she is unable to pay the fees.  See 28 U.S.C. § 1915(a).

24        Notwithstanding payment of any filing fee or portion thereof, a petition filed by any

25   person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to

26   ──────────────

27        [1] Petitioner attempts to bring this action on behalf of a deceased party, Yoko
     Billups. However, Petitioner, a non-lawyer, does not proceed herein in a class action.  His
     privilege to appear in propria persona is a "privilege ... personal to him. He has no
28   authority to appear as an attorney for others than himself."  McShane v. U.S., 366 F.2d
     286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th
     Cir.1962).

a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a petition filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the petition be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

Moreover, the federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). Thus, even though this matter is before the Court on Petitioner's motion for relief from a state court judgment, this Court must address the issue of the Court's subject matter jurisdiction first. The instant petition alleges diversity as the sole basis for this Court's jurisdiction. See Doc. No. 1-1.

To establish diversity jurisdiction, a plaintiff must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a). The burden of proving jurisdictional facts is on the party asserting jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936); Fenton v. Freedman, 748 F.2d 1358, 1359 n.1 (9th Cir. 1984). The diversity statute is strictly construed and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

Petitioner alleges that he is a citizen of California. Petitioner also alleges that Defendants are incorporated in, or its principal place of business is located in, California. See Doc. No. 1-1. Thus, this Court's review of the pleadings reveals that Petitioner has not shown complete diversity among opposing parties. Therefore, the petition is

DISMISSED without prejudice for want of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1.     The petition is **DISMISSED without prejudice**;

2.     Petitioners' motion to proceed *in forma pauperis* is **DENIED as moot**; and

3.     Petitioners' motion for appointment of counsel is **DENIED as moot**.

Dated: August 11, 2015

JOHN A. HOUSTON
United States District Judge

15cv1686